# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 2:15-cr-240
                                    Also 2:19-cv-3863

                                    District Judge Edmund A. Sargus, Jr.
- vs -                            Magistrate Judge Michael R. Merz

FREDERICK A. McSHAN,

          Defendant.    :

## DECISION AND ORDER DENYING MOTION TO AMEND

       This action under 28 U.S.C. § 2255, brought *pro se* by Defendant Frederick McShan, is before the Court on McShan's Motion to Amend (ECF No. 502). In it he asserts a new theory of relief under *Rehaif v. United States,* 139 S. Ct. 2191 (2019), which held that the *mens rea* requirement of knowledge applies to the crime of being in possession of a firearm while being an illegal alien.

       A motion to amend is a nondispositive pretrial motion which is within the decisional authority of a Magistrate Judge in the first instance. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.).

       The Rules Governing § 2255 Cases do not expressly speak to amendment of § 2255 motions, but authorize application of the Federal Rules of Civil Procedure when not inconsistent

1

with the § 2255 Rules. This Court therefore applies Fed.R.Civ.P. 15 to motions to amend in these cases.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis,* 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

As noted in the Report and Recommendations recommending dismissal of McShan's original § 2255 Motion, McShan was denied certiorari review by the Supreme Court in 2019 and his original Motion was therefore timely. Because the Motion to Amend has also been filed in 2019, it is also timely, even though the amendment does not "relate back" under Fed.R.Civ.P. 15 because it arises from a different set of facts.

Thus the question before the Court is whether McShan's proposed amendment states a claim on which habeas relief under § 2255 could be granted or whether, on the other hand, amendment would be futile because the amended motion does not state such a claim.

Based on *Rehaif*, McShan claims that it applies to his statutes of conviction, 21 U.S.C. § 846 and 841, and requires the Government to prove that he knew (1) he was a member of the class of persons required to register under the Controlled Substances Act, and (2) that he conspired with a class of persons required to register under the Act (Motion, ECF No. 502, PageID 4555). Based on this theory, McShan claims the indictment does not charge an offense.

The Superseding Indictment in this case charges McShan in Count One with knowingly, intentionally, and unlawfully conspiring with others to distribute in excess of one kilogram of heroin in violation of 21 U.S.C. § 846 (ECF No. 84, PageID 315). Counts Seven, Nine, Ten, Eleven, Fourteen, Sixteen, Seventeen, Eighteen, Twenty-One, Twenty-Two, Twenty-Three, and Twenty-Four all charge McShan with knowingly and intentionally possessing heroin in an unspecified amount om particular dates with the intent to distribute it.

*Rehaif* provides no basis for relief in this case at all. First, *Rehaif* interprets an entirely different statute, 18 U.S.C. § 924. Second, *Rehaif* was handed down well after McShan was convicted and does not state a new rule of constitutional law which the Supreme Court has held appl9ied retroactively to cases on collateral review. Indeed, *Rehaif* states no rule of constitutional

3

law whatever, much less a new "watershed" rule of constitutionally-mandated criminal procedure. See *Teague v. Lane*, 489 U.S. 288 (1989). Third, to the extent this claim asserts the Superseding Indictment was deficient, McShan forfeited this claim by not raising it before trial as required by Fed. R. Crim. P. 12(b)(3) and by not raising it on direct appeal.

Accordingly, McShan's Motion to Amend is DENIED.

December 20, 2019.

s/ *Michael R. Merz*<br>
United States Magistrate Judge