# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

          Plaintiff,   :    Case No. 2:15-cr-240
                                   Also 2:19-cv-3863

                                   District Judge Edmund A. Sargus, Jr.
- vs -                           Magistrate Judge Michael R. Merz

FREDERICK A. McSHAN,

          Defendant.   :

## DECISION AND ORDER DENYING SECOND MOTION TO AMEND

This action on a Motion to Vacate under 28 U.S.C. § 2255 is before the Court on Defendant's second Motion to Amend (ECF No. 508).

A motion to amend is a nondispositive pretrial motion which is within the decisional authority of a Magistrate Judge in the first instance. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.).

As the Magistrate Judge has previously held in this case, the standards of Fed.R.Civ.P. 15 are to be applied to evaluating motions to amend in a § 2255 case (ECF No. 503). The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis,* 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an

1

> opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

The Magistrate Judge denied Defendant's prior Motion to Amend because it sought to add a claim under a new Supreme Court decision which has not been held to apply retroactively. Here the difficulty is Defendant's undue delay in seeking amendment.

McShan's original six Grounds for Relief read:

> **Ground One:** Ineffective Assistance of Appellate Counsel
>
> **Supporting Facts:** Appellate counsel failed to develop McShan's double jeopardy claim based on the reimpaneling [sic] of the jury.
>
> **Ground Two:** Reempaneling the jury was a violation of the Double Jeopardy Clause

2

**Supporting Facts:** The Court erred by reempanelling the jury, resulting in a void first verdict and a null second verdict.

**Ground Three:** The Court lost jurisdiction once the jury [was] discharge[d].

**Supporting Facts**: The Court lost jurisdiction when an [sic] jury is discharge[d]. The Court can't reopen a case an [sic] fix any error once the jury [is] discharge[d].

**Ground Four:** [Ineffective Assistance of Counsel]

**Supporting Facts:** My lawyer was ineffective for not making an issue to argue double jeopardy. To be charged and found guilty of the same charge is double jeopardy if both conviction[s] is [sic] a lesser and one a greater offense is the same for double jeopardy.

**Ground Five:** Due Process Violation (Fifth Amendment)

**Supporting Facts:** Conspiracy suppose[d] to be as a whole one amount for everyone in the conspiracy for sentence purpose. Did not raise this in my appeal because my lawyer ineffective counsel.

**Ground Six:** Ex Parte Communication with Discharge[d] Jury due process violation an[d] 6[th] Amendment.

**Supporting Facts:** Any private contact with a jury if not made in pursuance of known rules is prejudicial. Judge talk[ed] to the jury private without counsel. That was an ex parte communication.

(Motion, ECF No. 489, PageID 4451-57.) Except for Ground Five, these claims all relate to the trial judge's misreading of one of the verdict forms and his correction of that mistake. On December 10, 2019, the Magistrate Judge filed a Report and Recommendations dealing comprehensively with these issues, noting that they had been thoroughly discussed by the Sixth Circuit on direct appeal and decided adversely to McShan's position (Report, ECF No. 499).

McShan has filed Objections to the Report and District Judge Sargus will either deal with the Objections directly or recommit the case for reconsideration in light of the Objections.

McShan now seeks to amend to add the following Grounds for Relief:

> **Ground Seven:** Ineffective Assistance of counsel for counsel's failure to adequately discuss and clarify the objection to the re-empaneling of the jury or develop the double jeopardy argument that action implicated.
>
> **Ground Eight**: Ineffective assistance of counsel for failing to address the issue of former jeopardy as it related to the delivering of the first verdict and so the second verdict was invalid.
>
> **Ground Nine:** Ineffective assistance of appellate counsel for failing to raise a structural error claim on the objection on direct appeal.

(ECF No. 508, PageID 4586-87).

The Sixth Circuit dealt with the variations of McShan's claims about what happened with the jury. Based on its opinion, the Magistrate Judge has recommended that the § 2255 Motion be dismissed with prejudice. The proposed amendments would re-argue the jury error point in different language, but they would add nothing to the analysis in the Report or the Sixth Circuit's decision. Moreover, they are unduly delayed because they were not sought to be added to the § 2255 Motion until a Report on the merits had been filed. Moreover, the Sixth Circuit's decision on the repolling of the jury constitutes the law of the case, by which this Court is bound. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993).

For these two reasons – undue delay and futility – the second Motion to Amend is DENIED.

January 10, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge