# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 2:15-cr-240
                                                 Also 2:19-cv-3863

                                                 District Judge Edmund A. Sargus, Jr.
-   vs  -                                  Magistrate Judge Michael R. Merz

FREDERICK A. McSHAN,

                Defendant.      :

## DECISION AND ORDER DENYING THIRD MOTION TO AMEND

This action under 28 U.S.C. § 2255, brought *pro se* by Defendant Frederick McShan, is before the Court on McShan's third Motion to Amend (ECF No. 512).

A motion to amend is a nondispositive pretrial motion which is within the decisional authority of a Magistrate Judge in the first instance. *McKnight v. Bobby*, No. 2:09-cv-59, 2017 U.S. Dist. LEXIS 63861, *2 (S.D. Ohio Apr. 27, 2017) (Dlott, J.), citing *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016) (Sargus, C.J.).

The Rules Governing § 2255 Cases do not expressly speak to amendment of § 2255 motions, but authorize application of the Federal Rules of Civil Procedure when not inconsistent with the § 2255 Rules. This Court therefore applies Fed.R.Civ.P. 15 to motions to amend in these cases.

The general standard for considering a motion to amend under Fed.R.Civ.P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis,* 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182; accord: *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (quoting *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile. "Amendment of a complaint is fuile when the proposed amendment would not permit the complaint to survive a motion to dismiss." i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005), citing *Neighborhood Dev. Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980).

As with McShan's first and second Motions to Amend (ECF Nos. 500, 502), because the amendments are offered within one year of the finality of the conviction on February 13, 2019 (Mandate, ECF No. 480), the fact that the claims do not relate back to the original § 2255 Motion is immaterial: they do not have to relate back to be timely. No analysis is needed on McShan's relation back claim. Thus, the question before the Court is whether McShan's proposed amendment states a claim on which habeas relief under § 2255 could be granted or whether, on the other hand, amendment would be futile because the amended motion does not state such a claim.

As the Magistrate Judge reads the first proposed amendment, McShan now wishes to assert that the verdicts returned by the jury are inconsistent as between himself and his brother David. That is, he says that Special Verdict Form No. 1 finds him guilty of conspiring to posess with intent to distribute one kilogram or more of heroin, whereas Special Verdict Form 2A finds David guilty of conspiring to possess with intent to distribute less than one hundred grams or more of heroin (Motion, ECF No. 512, PageID 4610).

It is well-settled that a Motion to Vacate under 28 U.S.C. § 2255 is not a substitute for appeal. Therefore, issues which could have been raised on appeal, but were not, are thereby forfeited or procedurally defaulted. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975), quoting *Sunal v. Large*, 332 U.S. 174, 177 (1947); *DiPiazza v. United States*, 471 F.2d 719, 720 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, § 2255 Motions will be dismissed summarily if they raise claims that were or could have been asserted on direct review. *Reed v. Farley*, 512 U.S. 339, 358 (1994). Because this is a claim which could have been brought on direct appeal but was not, it is barred by procedural default unless McShan can show excusing cause and prejudice, which he has not attempted to do.[1] McShan's proposed amendment to assert inconsistent verdicts is denied on this basis.

The second proposed amendment argues "it was an error to enhance a 2 point enhancement for 2D1.1 constructive possessing (sic) of a weapon." (Motion, ECF No. 512, PageID 4612). Motions under § 2255 are to cure constitutional violations, and not Guideline application mistakes

---

[1] At several places in the instant Motion, McShan has handwritten "Ineffective Appeal Counsel" above typewritten language asserting his claim (ECF No. 512, PageID 4610, 4612), which does not constitute making a claim of excusing cause and prejudice, much less making a showing.

that have been waived on direct appeal. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

McShan's proposed amendment to assert a Guideline calculation error is denied on that basis.

January 17, 2020

s/ *Michael R. Merz*<br>United States Magistrate Judge