# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 2:15-cr-240
                                     Also 2:19-cv-3863

                                     District Judge Edmund A. Sargus, Jr.
- vs -                            Magistrate Judge Michael R. Merz

FREDERICK A. McSHAN,

                Defendant.      :

# DECISION AND ORDER DENYING MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW; SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This action under 28 U.S.C. § 2255, brought *pro se* by Defendant Frederick McShan, is before the Court on McShan's Motion for Findings of Fact and Conclusions of Law under Fed.R.Civ.P. 52(a) (ECF No. 511) as well as his Objections (ECF No. 506) to the Magistrate Judge's Report and Recommendations recommending that the Motion to Vacate be denied (the "Report," ECF No. 499). District Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 510).

**Motion for Findings and Conclusions**

McShan's Motion for Findings of Fact and Conclusions of Law is not well taken. Rule 12 of the Rules Governing § 2255 Motions permits application of the Federal Rules of Civil Procedure to § 2255 Cases when they are not inconsistent with the § 2255 Rules. In "an action tried on the facts without a jury . . the court must find the facts specially and state its conclusions of law separately." FED.R.CIV.P. 52(a). In a § 2255 proceeding there is no trial at all. There can be an evidentiary hearing, but none has been held in this case. The Fed.R.Civ.P. 52(a) procedure is directed to situations where a judge hears testimony and must find the facts from that evidence. In a § 2255 case, especially without an evidentiary hearing, the purposes intended to be served by Rule 52(a) are not present. Accordingly, McShan's Motion for findings and conclusions (ECF No. 511) is DENIED. However, the Magistrate Judge will consider the proposed findings and conclusions as relevant to the recommittal.

**Supplemental Analysis**

**Ground One: Ineffective Assistance of Appellate Counsel: Failure to Develop Double Jeopardy Claim**

In his First Ground for Relief, McShan claimed he received ineffective assistance of appellate counsel when his appellate attorney did not adequately develop his Double Jeopardy claim arising out of re-polling the jury. The Report concluded that, because the Double Jeopardy claim was without merit, it could not be ineffective assistance of appellate counsel to fail to "develop" it (Report, ECF No. 499, PageID 4548).

McShan objects to the following language in the Report:

> Particularly with respect to appellate counsel, McShan misreads the appellate opinion in asserting it was the double jeopardy issue they did not reach because it was not developed. In fact, it was the alleged error in the failure to sever Frederick's trial from David's which was undeveloped. See [*United States v.*] *McShan*, 757 Fed. App'x [454,] 460-61 (6th Cir. 2018).

(Objections, ECF No. 506, PageID 4568, 4570 citing Report, ECF No. 499, PageID 4543, 4548).

One of McShan's issues on appeal was the denial of his motion to sever his trial from that of his brother David. As to this issue, the United States Court of Appeals for the Sixth Circuit wrote that "Frederick's treatment of this claim in his opening brief is so perfunctory that we might consider it forfeited." *McShan*, 757 F. App'x at 460.

In footnote 1, the Sixth Circuit also wrote regarding any Double Jeopardy claim:

> Frederick makes no meaningful double jeopardy argument. Although he fleetingly asserts that the trial court's re-polling of the jury violated his right against double jeopardy, he does nothing to develop the argument. He merely declares, without argument or citation, "that double jeopardy does in fact attach and the defendant-appellant can only be subjected to the penalties which he faced at the time of the original polling of the jury." This will not do. Under this court's caselaw, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation" are forfeited. *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).

*Id.* at 458 n.1. Thus, the Sixth Circuit found that McShan's appellate counsel had given perfunctory treatment to both the failure to sever issue and the double jeopardy issue. The Report was correct in reading the Sixth Circuit as not reaching the double jeopardy claim because it was not developed, as exemplified by the quoted footnote. While the circuit court also criticized the perfunctory treatment given to the severance issue, it nonetheless decided that issue on the merits. *McShan*, 757 F. App'x at 461.

This discussion is, however, somewhat beside the point. The Report concluded Ground One was without merit because the underlying claim of double jeopardy was without merit (Report, ECF No. 499, PageID 4548.)

**Ground Two: Double Jeopardy/Re-Empaneling**

In his Second Ground for Relief, McShan argued the merits of his double jeopardy claim. The Report concluded the argument was without merit because

> [McShan] was never convicted of the lesser included offense of conspiring to distribute between 100 and 1000 grams of cocaine. Special Verdict Form No.1(a), required in order for the jury to make the finding regarding amount, is plainly checked to show the jury unanimously found the conspiracy involved a quantity of one kilogram or more (ECF No. 315, PageID 1038). That is the Special Verdict the judge misread. Judgment was never entered on the misreading and, as the Court of Appeals held, the misreading was corrected before the jury dispersed. After the misreading was cured, the jury unanimously assented on re-polling.

(Report, ECF No. 499, PageID 4548).

McShan objects (ECF No. 506, PageID 4570-72), but raises nothing new. He relies on his argument that the jury was "re-empaneled," but that is plainly contradicted by the record. The jury was re-polled and the Sixth Circuit upheld the result of the re-polling. *McShan*, 757 F. App'x at 459-60. McShan cites no authority, much less clearly established Supreme Court precedent, for either the proposition that jeopardy attaches once a jury has been polled or that a re-polling constitutes double jeopardy. Before a habeas court can grant relief, a petitioner must show that his conviction is unconstitutional because it is contrary to or any objectively unreasonable application

of Supreme Court holdings. 28 U.S.C. § 2254(d). McShan has not done so with respect to his double jeopardy argument.

**Ground Three: Trial Court Lack of Jurisdiction**

In his Third Ground for Relief, McShan argues the trial court lost jurisdiction once it discharged the jury. The Report recommended denying this claim because it had been forfeited by not raising it on direct appeal (ECF No. 499, PageID 4549).

McShan objects that "subject matter jurisdiction cannot be waived, forfeited, or procedurally barred." (Objections, ECF No. 506, PageID 4572, citing *United States v. Cotton,* 63 U.S. 625, 632 (2002)).

McShan's objection confuses two uses of the word "jurisdiction." Federal district courts have exclusive subject matter jurisdiction. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *United States v. Lucido*, 612 F.3d 871, 873-74 (6th Cir. 2010). That is, federal district courts have exclusive subject matter jurisdiction over all criminal offenses against the United States; they cannot be charged or tried in the state courts. A distinct concept is jurisdiction over a particular case. Once a notice of appeal is filed, a district court loses jurisdiction over that particular case until the court of appeals issues a mandate which returns jurisdiction to the district court. However before a case can be appealed, there must be a final appealable judgment. Judge Sargus entered no judgment here until after the jury had been re-polled.

McShan argues that procedural default does not apply to a jurisdictional defect (Objections, ECF No. 506, PageID 4572, citing *United States v. Peter*, 310 F.3d 709[1] (11th Cir. 2002)). In *Peter* the circuit court held that procedural default does not apply to prevent issuance of the writ of error *coram nobis* to relieve a defendant of a conviction for what had become a "non-offense" by virtue of a post-conviction but retroactive reinterpretation of the statute of conviction by the Supreme Court. The court did cite broader law for the proposition that subject matter jurisdiction cannot be waived and therefore a claim of lack of subject matter jurisdiction cannot be forfeited. *Id.* at 712, citing *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908), which held that lack of subject matter jurisdiction can, indeed must, be raised *sua sponte* by a federal court.

Here, McShan does not claim the District Court never had jurisdiction (as in *Peter*) or never could have had jurisdiction (*e.g.*, if he had been charged a violation of state law). Rather, he claims the District Court lost jurisdiction and the court of appeals acquired it when the jury was discharged. But no judgment was entered before the re-polling and the Sixth Circuit found the jury was not discharged. Even assuming that the loss of jurisdiction is a defense that is not forfeited when it is not raised on direct appeal, the defense is without merit here because the District Court did not lose jurisdiction until it entered judgment. To put it another way, McShan cites no clearly established Supreme Court precedent holding a district court loses jurisdiction in the circumstances that occurred in this case.

---

[1] McShan gives the page citation as "719," but no such case appears at that page.

**Ground Four:  Ineffective Assistance of Trial Counsel for Failure to Argue Double Jeopardy**

In his Fourth Ground for Relief, McShan claims he received ineffective assistance of trial counsel because his trial attorney did not argue double jeopardy.  The Report rejected this claim because the underlying claim of double jeopardy is without merit, a position the Magistrate Judge maintains on reconsideration (See Ground Two above.)

In his Objections, McShan claims that jeopardy attached when the jury was first sworn (Objections, ECF No. 506, PageID 4674), and that is a correct proposition of double jeopardy law. *Martinez v. Illinois*, 572 U.S. 833, 834 (2014), quoting *Crist v. Bretz*, 437 U.S. 28, 35 (1978).  But that jury was never discharged until after it had been re-polled to correct the error in misreading the verdict.  McShan's jeopardy did not terminate until the jury was in fact discharged after the re-polling.  Because McShan has no valid double jeopardy claim, it cannot have been ineffective assistance of trial counsel to fail to raise such a claim.

**Ground Five:  Incorrect Use of the Amount of Heroin in Sentencing**

In his Fifth Ground for Relief McShan claims the court used an incorrect amount of heroin in imposing his sentence.  The Report rejected this claim on the basis that the jury made a special verdict finding of the required amount (ECF No. 499, PageID 4549-50).

McShan objects that in a conspiracy case "the conspiracy is supposed to be one amount for all defendants."  (ECF No. 506, PageID 4576).  Nothing in the Objections requires further analysis of this claim.

**Ground Six: Judge's *Ex Parte* Communication with Jury Violates Due Process.**

In his Sixth Ground for Relief, McShan asserts the judge's *ex parte* communication with this jury, which he claims had been discharged, violated his Due Process rights. The Report recommended denying this claim on the merits (ECF No. 499, PageID 4550-51) and McShan made no objection.

**Conclusion**

Having reconsidered the case in light of the Objections and of Defendant's request for findings of fact and conclusions of law, the Magistrate Judge again respectfully recommends that Defendant's Motion to Vacate be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 17, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.