# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :    Case No. 2:15-cr-240
                                         Also 2:19-cv-3863

                                         District Judge Edmund A. Sargus, Jr.
  - vs -                                      Magistrate Judge Michael R. Merz

FREDERICK A. McSHAN,

                Defendant.     :

## OPINION AND ORDER

This action under 28 U.S.C. § 2255, brought *pro se* by Defendant Frederick McShan, is before the Court on Defendant's Objections (ECF No. 516) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 514). Also pending are Defendant's Motion for Permission to Amend (ECF No. 517) and his Notice to Amend (ECF No. 518).

As required by Fed.R.Civ.P. 72, the District Judge has reviewed *de novo* all portions of the Magistrate Judge's original Report and Recommendations ("Report," ECF No. 499) and the Supplemental Report to which specific objections have been made. Those objections and the pending motions are all ruled on in this Opinion and Order.

1

## The Motion to Vacate and the Magistrate Judge's Proposed Disposition

Defendant's Motion to Vacate pleads the following grounds for relief:

**Ground One:** Ineffective Assistance of Appellate Counsel

**Supporting Facts:** Appellate counsel failed to develop McShan's double jeopardy claim based on the reimpaneling [sic] of the jury.

**Ground Two:** Reempaneling the jury was a violation of the Double Jeopardy Clause

**Supporting Facts:** The Court erred by reempanelling the jury, resulting in a void first verdict and a null second verdict.

**Ground Three:** The Court lost jurisdiction once the jury [was] discharge[d].

**Supporting Facts:** The Court lost jurisdiction when an [sic] jury is discharge[d]. The Court can't reopen a case an [sic] fix any error once the jury [is] discharge[d].

**Ground Four:** [Ineffective Assistance of Counsel]

**Supporting Facts:** My lawyer was ineffective for not making an issue to argue double jeopardy. To be charged and found guilty of the same charge is double jeopardy if both conviction[s] is [sic] a lesser and one a greater offense is the same for double jeopardy.

**Ground Five:** Due Process Violation (Fifth Amendment)

**Supporting Facts:** Conspiracy suppose[d] to be as a whole one amount for everyone in the conspiracy for sentence purpose. Did not raise this in my appeal because my lawyer [was] ineffective counsel.

**Ground Six:** Ex Parte Communication with Discharge[d] Jury due process violation an[d] 6[th] Amendment.

> **Supporting Facts:** Any private contact with a jury if not made in pursuance of known rules is prejudicial. Judge talk[ed] to the jury private[ly] with out [sic] counsel. That was an *ex parte* communication.

(Motion, ECF No. 489, PageID 4451-57.)

Grounds One, Two, and Four depend on Defendant's double jeopardy claim, Ground Two. The Report rejected that claim on the merits and rejected Grounds One and Four because it cannot be ineffective assistance of counsel to fail to make a meritless argument (Report, ECF No. 499, PageID 4546-48.) The Supplemental Report adhered to this conclusion (ECF No. 514, PageID 4621-24, 4626).

Ground Three alleged this Court lost jurisdiction to enter judgment once it discharged the jury. The Report concluded this issue was forfeited by not being raised on direct appeal. (ECF No. 499, PageID 4549). McShan objected that a jurisdictional defect cannot be waived, but the Supplemental Report noted that this Court had never entered a judgment, so as to lose jurisdiction to the United States Court of Appeals for the Sixth Circuit, until after the verdict had been re-read (Supplemental Report, ECF No. 514, PageID 4624-25).

Ground Five claimed this Court used the wrong amount of heroin in imposing sentence. The Report concluded proceeding as McShan argued would have violated binding Sixth Circuit precedent and that Ground Five should therefore be dismissed on the merits. (ECF No. 499, PageID 4549-50). The Magistrate Judge concluded no further analysis was needed on this claim after recommittal (ECF No. 514, PageID 4626).

Ground Six claimed constitutional error in the Court's *ex parte* communications with the jurors. The Report concluded this claim was also forfeited by being omitted on direct appeal (ECF No. 499, PageID 4550-51, citing *Reed v. Farley*, 512 U.S. 339, 358 (1994) (Scalia, J., concurring

3

in part)). The Supplemental Report noted McShan had made no objection (ECF No. 514, PageID 4627).

**Defendant's Objections to the Supplemental Report**

In contrast to his initial Objections which were fourteen pages long (ECF No. 506), Defendant filed forty-three pages of objections to the Supplemental Report (ECF No. 516).

McShan includes not only objections to the original Report, but also to the Sixth Circuit's decision of this case on direct appeal, reported at *United States v. McShan*, 757 F. App'x 454 (6th Cir. 2018), cert. denied 139 S.Ct. 2032 (2019). Indeed, he criticizes the Magistrate Judge for "heavily rely[ing]" on the Sixth Circuit decision (ECF No. 516, PageID 4646). In doing so, McShan displays a misunderstanding of a District Court's role in the federal court system. Our Court lacks authority to correct errors made by the appellate court. That function is reserved to the Supreme Court of the United States, which in fact refused to review the Sixth Circuit's decision here. *McShan v. United States*, 139 S.Ct. 2032. Instead, under the law of the case doctrine, this Court is bound by the decisions the Sixth Circuit made on appeal. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), citing 1B JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶0.404 (1980); accord: *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat

4

the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016) (Sutton, J.), quoting BRYAN A. GARNER, ET AL., THE LAW OF JUDICIAL PRECEDENT 441 (2016).

The process this Court followed after the misreading of the verdict has been fully presented to the Sixth Circuit, which refused to overturn the verdict on that basis. The Court's function in deciding a § 2255 motion which raised a claim decided by the circuit court is to abide by that decision, not rewrite it. Defendant's objections to the Magistrate Judge's reliance on the Sixth Circuit decision are OVERRULED.

**Motion for Permission to Amend § 2255**

On the same day he filed the Objections to the Supplemental Report, Defendant also filed his Motion for Permission to Amend § 2255 (ECF No. 517).

The first portion of the Motion seeks relief under the First Step Act of 2018 (Motion, ECF No. 517, PageID 4690, citing Pub. L. 115-391, 132 Stat. 5194, § 404), but that statute only applies to persons sentenced before the Fair Sentencing Act was enacted on August 3, 2010, and thus does not apply to this case. He also reargues his ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims, but raises no argument that has not been dealt with appropriately in the two Reports. Accordingly, the Motion for Permission is not well-taken and is DENIED.

**Notice to Amend or Supplement**

On February 21, 2020, while the Supplemental Objections and Motion for Permission were still pending, McShan filed a Notice to Amend or Supplement the Motion to Vacate ("Notice"). He begins by asserting that the circuit court's "misapprehension of the facts and law rendered McShan's 2255 proceeding fundamentally unfair." (ECF No. 518, PageID 4695). He claims to have been confused by the circuit court's decision and now wishes to add a Ground for Relief: "Trial counsel was ineffective in not objecting to the Judge bringing the jury back into the courtroom." *Id.* He asserts that if that objection had been made, he would have been sentenced for the 100 grams of heroin or there would have been a mistrial. He further asserts this was somehow a structural error. *Id.* at PageID 4696. Again, the process by which the misread verdict was corrected was before the court of appeals which refused to overturn the conviction on the basis of asserted irregularities in the process. This Court is bound by that decision.

Defendant then posits an additional objection to the Report and Supplemental Report on Ground Three, the claim that this Court lost jurisdiction before it entered judgment (Notice, ECF No. 518, PageID 4698). This objection is untimely: the Supplemental Report was filed and served on January 21, 2020, but the Notice was not filed until February 21, 2020, well after the February 7, 2020, deadline.

Moreover, the objection is without merit. McShan argues that a federal district court has jurisdiction only so long as it "proceed[s] exactly according to the law or statute under which it operates." (Notice, ECF No. 518, PageID 4698, citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). *Kokkonen* does not stand for that general proposition. Instead, it holds a district court may not enforce a settlement agreement reached in one of its cases after the case has

been dismissed. 511 U.S. at 378. McShan then argues that a court, after acquiring subject matter jurisdiction, loses that jurisdiction if it "transcends the limit of the jurisdiction conferred[.]" *Id.* at PageID 4699. He then claims this Court no jurisdiction to re-poll a discharged jury. *Id.* at PageID 4700. That issue is completely disposed of by the decision of the Sixth Circuit on appeal in this case.

**Conclusion**

Having reviewed Defendant's objections *de novo* as required by law, the Court OVERRULES them and orders that the Motion to Vacate (ECF No. 489) and Motion for Permission (ECF No. 517) be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 13
~~February~~ ___, 2020.

Edmund A. Sargus, Jr.
United States District Judge