# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,     :     Case No. 2:15-cr-240
                                                     Also 2:19-cv-3863

                                                   District Judge Edmund A. Sargus, Jr.
-  vs  -                                     Magistrate Judge Michael R. Merz

FREDERICK A. McSHAN,

        Defendant.     :

## REPORT AND RECOMMENDATION

      This action under 28 U.S.C. § 2255, brought *pro se* by Defendant Frederick McShan, is before the Court on Defendant's Motion to Reconsider (ECF No. 537). McShan asks for the Court to reconsider "his [prior] 60(b) motion 1 and 2 to 60(b)(6)."

      The Magistrate Judge recommended denial of the motion because it was properly construed as a motion to amend under Fed.R.Civ.P. 59(e) and was untimely filed when thus construed (R&R, ECF No. 535). When McShan made no objection within the time allowed by Fed.R.Civ.P. 72, Judge Sargus adopted the R&R (ECF No. 536). McShan's instant Motion was filed June 24, 2022.

      McShan now says his prior motion was under Fed.R.Civ.P. 60(b) on his procedurally defaulted claims, not Fed.R.Civ.P. 59(e). He asserts there is no time limit on a 60(b) motion on procedurally defaulted claims (ECF No. 537, PageID 4934).

      McShan's instant Motion to Reconsider should be denied for the following reasons.

1

First of all, McShan's objection that the Magistrate Judge misconstrued his motion as made under Fed.R.Civ.P. 59(e) is itself untimely as he allowed the objection period on the prior R&R to expire without making the objection.

Secondly, the Court has thoroughly considered and rejected McShan's requests for relief from judgment. Final judgment denying McShan's Motion to Vacate under 28 U.S.C. § 2255 was entered May 15, 2020 (ECF No. 521). McShan's first request for relief from judgment under Fed.R.Civ.P. 60 was filed more than a year later on July 30, 2021 (ECF No. 527). In it he invoked many different parts of Rule 60: "McShan is asking the Court to grant his motion for Rule 60(B)1, Rule 60(B)4, Rule 60(B)6, Rule 60(B) 2, Rule 60(B) Motion, and Rule 60( C ) ( 1)." *Id.* at PageID 4864. Judge Sargus rejected all of those arguments on September 8, 2021 (ECF No. 531).

McShan did not appeal, but filed what he labeled as a Motion to Reconsider his 60(B) Motion (ECF No. 534). The Magistrate Judge recommended it be denied because the only authority for a motion to reconsider in the Federal Rules of Civil Procedure is under Fed.R.Civ.P. 59(e) and McShan's Motion to Reconsider was filed outside the strict time limits for a Rule 59(e) motion (R&R, ECF No. 535). McShan did not object and Judge Sargus adopted the R&R (ECF No. 536).

McShan's instant motion denies any reliance on Rule 59(e) and says there is no time limit on a 60(b) motion on "procedurally default claims" without stating what those claims are (ECF No. 537). He cites no law whatsoever to that effect. He claims that ineffective assistance of appellate counsel is a "structural error," but neither the Sixth Circuit nor the Supreme Court has every held to that effect. Examples of structural error include judicial bias (*Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *citing Washington v. Recuenco,* 548 U.S. 212 (2006), and *Sullivan v. Louisiana,* 508 U.S. 275, 283 (1993)), *Tumey v. Ohio*, 273 U.S. 510 (1927)), complete denial of

counsel (*Johnson v. United States*, 520 U.S. 461 (1997)), racial discrimination in the selection of a grand jury (*Vasquez v. Hillery*, 474 U.S. 254 (1986)), denial of self-representation at trial (*McKaskle v. Wiggins,* 465 U.S. 168 (1984)), denial of public trial (*Waller v. Georgia*, 467 U.S. 39 (1984)), a defective reasonable doubt instruction (*Sullivan v. Louisiana*, 508 U.S. 275 (1993)), *Batson* violations, *Snyder v. Louisiana*, 552 U.S. 472, 478 (2008), or exclusion for cause of a juror who has scruples about the death penalty, *Wheeler v. Simpson*, 779 F.3d 366 (6th Cir. 2015), citing *Lockhart v. McCree*, 476 U.S. 162, 176 (1986), and *Uttecht v. Brown*, 551 U.S. 1 (2007).  In *McCoy v. Louisiana*, 584 U.S. ___, 138 S. Ct. 1500 (2018), the court added admitting guilt when a client wants to oppose it, even when evidence is overwhelming.

> The Supreme Court has "found structural error only in a very limited class of cases." *Johnson v. United States,* 520 U.S. 461, 468, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997). These structural errors include: total deprivation of the right to counsel, *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); lack of an impartial trial judge, *Tumey v. Ohio*, 273 U.S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 5 Ohio Law Abs. 159, 5 Ohio Law Abs. 185, 25 Ohio L. Rep. 236 (1927); unlawful exclusion of grand jurors of the defendant's race, *Vasquez v. Hillery,* 474 U.S. 254, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986);  denial of the right to self-representation at trial, *McKaskle v. Wiggins,* 465 U.S. 168, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984); denial of the right to a public trial, *Waller v. Georgia*, 467 U.S. 39, 104 S. Ct. 2210, 81 L. Ed. 2d 31 (1984); and denial of the right to a jury verdict of guilt beyond a reasonable doubt, *Sullivan v. Louisiana,* 508 U.S. 275, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993). In *United States v. Cronic,* 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657 & n.25 (1984), the Supreme Court added to the list the denial of counsel at a "critical stage" of the criminal proceedings, entitling the defendant to a new trial without a specific showing of prejudice because the error makes "the adversary process itself presumptively unreliable." See also *Van v. Jones,* 475 F.3d 292, 311-12 (6th Cir.) (holding that a defendant is deprived of counsel at a critical stage, "a per se Sixth Amendment violation [results,] warranting reversal of a conviction, a sentence, or both, as applicable, without analysis for prejudice or harmless error"), cert.

> denied, 128 S. Ct. 708, 169 L. Ed. 2d 557 (2007); *Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

*Hereford v. Warren*, 536 F.3d 523 (6th Cir. 2008).  McShan then offers examples of where he believes the Presentence Investigation Report was in error and led to an inappropriate sentence.  He was certainly free to make those arguments on appeal.  To the extent he blames his appellate attorney for omitting those arguments, this Court has already adjudicated his Motion to Vacate on the merits (ECF No. 519).

**Finality**

As the prosecuting sovereign, the United States has an interest in the finality of the judgment in this case.  One instrument available to enforce that interest is the law of the case doctrine. Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.  *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005).  "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'"  *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

4

> As a general principle, the law-of-the-case doctrine precludes reconsideration of issues that were expressly or impliedly decided at an earlier stage of the same case by the same or a superior court. See *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983); *United States v. Moored*, 38 F.3d 1419, 1421-22 (6th Cir. 1994); Bryan A. Garner et al., The Law of Judicial Precedent 441 (2016). Application of the law-of-the-case doctrine has been historically limited to fully briefed "questions necessarily decided" in an earlier appeal, *Burley v. Gagacki,* 834 F.3d 606, 618 (6th Cir. 2016) (quotation omitted), and has traditionally been used to "enforce a district court's adherence to an appellate court's judgment," *Miller v. Maddox*, 866 F.3d 386, 390 (6th Cir. 2017).

*Keahey v. Marquis*, 978 F.3d 474, 478 (6th Cir. 2020).

At this point in this litigation, the Court should enforce the interest of the United States in finality and decline any further reconsideration of the merits. McShan's instant Motion should be DENIED.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

July 5, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

\#